IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTOINETTE MURPHY     :

            :

 v.         :  Civil Action No. DKC 12-1975

            :

SHIRLEY ADAMS, et al.    :

            :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is the motion to dismiss for improper service filed by Defendant Board of Education of Prince George's County ("the School Board").  (ECF No. 19).[1]  The issues are fully briefed, and the court now rules pursuant to Local Rule 105. 6, no hearing being deemed necessary.  For the reasons that follow, the motion will be granted.

**I.  Background**

Plaintiff Antoinette Murphy commenced this lawsuit on July 3, 2012 against three defendants, including the School Board.

---

[1]  The parties agree that – notwithstanding Plaintiff Antoinette Murphy's use of various misnomers in her filings to date (*e.g.*, "Prince George's County Public Schools," "Prince George's County School Board") – the proper name for the entity that Plaintiff seeks to sue is "the Board of Education of Prince George's County."

(ECF Nos. 1 & 2).[2]   Two days later, the clerk issued a summons
as to the School Board.   The 120-day service period provided for
by Fed.R.Civ.P. 4(m) came and went without any indication from
Plaintiff as to whether she had perfected service on the School
Board.   Instead, on December 7, 2012 – 35 days after the
expiration of the 120-day period – Plaintiff filed a "Request
for Re-Issuance of Summons" as to the School Board, stating that
"[t]he process server has not served this Defendant and the
prior issued summons has expired."   (ECF No. 9).   On December
10, the court issued a paperless notice observing that
Plaintiff's request did not seek an extension of time to perfect
service, nor did it include a showing of good cause for such an
extension within the meaning of Rule 4(m).   (ECF No. 10).[3]

On December 17, Plaintiff filed a second "Request for Re-
Issuance of Summons" in which she provided a convoluted history
of her attempts to serve the School Board.   (ECF No. 11).
According to this explanation, Ms. Murphy's attorney hired a

---

[2] Following the denial of their motion to dismiss, the other
two Defendants – Shirley Adams and the Executive Board of the
American Federation of State, County and Municipal Employees,
Local 2250 – answered the amended complaint on February 7, 2013.
(ECF No. 20).

[3] Rule 4(m) provides that "if the plaintiff shows good cause
for the failure [to serve a defendant within 120 days], the
court must extend the time for service for an appropriate
period."

process server to serve a number of defendants in multiple lawsuits, but the process server never provided an affidavit of service as to the School Board.   Ms. Murphy's attorney purportedly did not recognize this omission until after the expiration of the 120-day period because she had been absent from her office due to a sick child.   Plaintiff also represented that, at some unknown date, she mailed "courtesy copies of the law suit" to the School Board's general counsel, but acknowledges that this correspondence was not sent *via* "certified restricted delivery." (*Id.*).

The court construed Plaintiff's filing as an attempt to establish good cause for an extension of time under Rule 4(m). (ECF No. 12).   Rather than decide whether Plaintiff had shown good cause or whether she is required to do so,[4] the court instead granted Plaintiff a 60-day extension of time in which to effect service on the School Board.   The court issued this order without prejudice to the School Board's right to seek vacatur of

---

[4] As the court previously observed, there is some uncertainty in the Fourth Circuit as to whether Rule 4(m) vests a district court with discretion to grant an extension in the absence of good cause. *See, e.g.*, *Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC 10-2215, 2011 WL 2038550, at *3-4 (D.Md. May 24, 2011) (summarizing split of authority); *Lehner v. CVS Pharmacy*, Civ. No. RWT-08-1170, 2010 WL 610755, at *2 (D.Md. Feb. 17, 2010) (same).

the extension as improvidently granted and to seek dismissal for improper service.

On February 6, 2013, the School Board filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5), arguing that Plaintiff still has not properly effected service on the School Board and that, in any event, the 60-day extension was improvidently granted because Plaintiff has not and cannot show good cause. (ECF No. 19-1).[5] As to the former argument, the School Board asserts that Plaintiff's January 2013 attempt to effect service *via* first-class mail was improper under the Federal Rules of Civil Procedure and caused prejudice to the School Board. As to the latter argument, the School Board asserts that none of Plaintiff's purported excuses for missing the 120-day deadline warrant an extension of time, particularly given that Plaintiff did not seek an extension until well after the deadline had passed.

---

[5] The School Board also argues that dismissal is warranted because of Plaintiff's repeated failures to use the School Board's proper name. A mere misnomer generally does not justify dismissal, however. *See Beasley v. Kelly*, No. DKC 10-0049, 2010 WL 3221848, at *2 (D.Md. Aug. 13, 2010) ("'As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.'" (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)).

Plaintiff filed an opposition on February 26, representing that she recently learned that her hired process server actually *did* serve the School Board during the original 120-day period. (ECF No. 22, at 3-4). Although the process server was apparently unreachable for several months because of a serious illness, Plaintiff represents that he is now prepared to submit an affidavit confirming that he previously served the School Board. Plaintiff further contends that the 60-day extension was warranted given the demands on her counsel, who is a solo practitioner without any support staff or colleagues. She further asserts that the School Board was properly served a second time on January 15, 2013, *via* certified mail, although "the green card has not been received because Plaintiff[']s counsel moved from her office on January 15, 2013, and she is having difficulty getting the mail forwarded." (*Id.* at 3).

The School Board replied on February 26. (ECF No. 23). Two days later, on February 28, Plaintiff filed the sworn declaration of Clarence A. Connelly, Jr., who avers that he "personally caused to be mailed a certified copy of the Summons and Complaint for Antoinette Murphy on January 15, 2013" and that "Verjeana M. Jacobs, Esq. was the intended recipient" of this correspondence. (ECF No. 24-1, Connelly Decl. at 1). Mr. Connelly also represents that he did not receive a fee for this

service but that "it was done to assist [C. Sukari Hardnett, Plaintiff's counsel of record] who was in the process of moving her office." (*Id.*).

To date, Plaintiff has not filed any affidavit of service from her retained process server regarding any attempts to serve the School Board prior to November 2, 2012.

## II. Standard of Review

When a defendant moves to dismiss for improper service pursuant to Rule 12(b)(5), "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006); *see also* Fed.R.Civ.P. 4(*l*)(1). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

## III. Analysis

The School Board is a "body politic and corporate" that "[m]ay sue and be sued." Md. Code Ann., Educ. § 3-104(a).

6

Accordingly, service of the School Board is governed by Fed.R.Civ.P. 4(j)(2), which provides that a "state, a municipal corporation, or any other state-created governmental organization that is subject to suit" must be served in one of two ways:

> (A) [by] delivering a copy of the summons and of the complaint to its chief executive officer; or

> (B) [by] serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Under the Maryland Rules of Civil Procedure, one acceptable method of service is "by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it." Md. Rule 2-121(a)(1). Alternatively, service may be made "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery – show to whom, date, address of delivery.'" Md. Rule 2-121(a)(3). The individual who effects service under either of these methods must "file proof of the service with the court promptly and in any event within the time during which the person served must respond to the process." Md. Rule 2-126(a); *see also* Fed.R.Civ.P. 4(*l*). If the individual is anyone other than a sheriff, such proof must

be filed "under affidavit." Md. Rule 2-126(a)(2). Where certified mail is used, the proof must also "include the original return receipt." Md. Rule 2-126(a)(3).

Because Maryland courts consider boards of education to be state agencies rather than autonomous local entities, *see Zimmer-Rubert v. Bd. of Educ. of Baltimore Cnty.*, 179 Md.App. 589, 603 (2008), the proper "person to be served" under the methods set forth in Rule 2-121 is either (1) the resident agent designated by the School Board or (2) the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Court of Appeals. *See* Md. Rule 2-124(k).[6]

Plaintiff fails to satisfy her burden of proving that the School Board has been served in accordance with Rule 4(j)(2) either before or after the expiration of the 120-day period. First, Plaintiff offers absolutely no support for her assertion that her hired process server effected service at some point

---

[6] By contrast, if the School Board were deemed to be a "Local entity" (*i.e.*, a "county, municipal corporation, bicounty or multicounty agency, public authority, special taxing district, or other political subdivision or unit of a political subdivision of the State"), service would need to be made upon the entity's designated resident agent or "[i]f the local entity has no resident agent or if a good faith effort to serve the resident agent has failed, service may be made by serving the chief executive or presiding officer or, if none, by serving any member of the governing body." Md. Rule 2-124(*l*).

prior to November 2, 2012.  Indeed, Plaintiff offers no details
as to when the purported service took place, upon whom it was
made, or how it was effected.  In the face of a Rule 12(b)(5)
motion to dismiss, it is not enough for Plaintiff to make vague
and unsubstantiated assertions about the fact or propriety of
service.  *See, e.g.*, *Mann v. Castiel*, 729 F.Supp.2d 191, 196
(D.D.C. 2010) ("Allegations alone do not constitute proof of
service."), *aff'd*, 681 F.3d 368 (D.C.Cir. 2012).  Nor can she
rely on an unsupported promise to submit an affidavit of service
in the future.  Absent any attempt to satisfy her burden with
competent evidence, the only conclusion to be drawn is that
Plaintiff failed to perfect service within the initial 120-day
window.

Next, assuming (for the moment) that Plaintiff was entitled
to an extension of time notwithstanding her 35-day delay in
seeking one,[7] Plaintiff still fails to establish the validity of
her second attempt at service.  The School Board submits an
affidavit from Lori L. Anderson, an administrative employee
responsible for opening the School Board's mail, who avers that

---

[7] As the School Board observes, where a party fails to seek
an extension of time prior to the expiration of a deadline,
Fed.R.Civ.P. 6(b)(1)(B) generally requires a showing of
"excusable neglect" before an extension can be granted.

she opened an envelope addressed to "Verjeana M. Jacobs, Esq., Chair of the Board of Education of Prince George's County" on January 16, 2013, that contained the summons and amended complaint. (ECF No. 19-2, Anderson Aff. ¶ 3).   Ms. Anderson specifically represents that this envelope was sent *via* first-class mail, rather than certified or registered mail.   (*Id.* ¶ 4).   Although Plaintiff maintains in her opposition that the correspondence was sent *via* certified mail (ECF No. 22, at 3), the belatedly filed declaration of Mr. Connelly does not support this assertion.   Rather, Mr. Connelly attests only that he "caused to be mailed a certified *copy* of the Summons and Amended Complaint" to Ms. Jacobs (ECF No. 24-1, Connelly Decl. at 1) (emphasis added).   Mr. Connelly makes no representation that he used certified *mail* or that he requested restricted delivery. Mr. Connelly also fails to include a return receipt with his declaration.

It is well-established that transmission of a summons and complaint *via* first-class mail does not satisfy Maryland Rule 2-121(a)(3), which very specifically and clearly mandates the use of certified mail with restricted delivery.   *See, e.g., Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 355 (D.Md. 1996) (sending a copy of the complaint and summons by first-class, rather than certified, mail is insufficient).   Indeed, an

10

earlier filing submitted by Plaintiff indicates that her counsel
is well aware of these requirements.  (*See* ECF No. 11, at 3).
Thus, even assuming that Ms. Jacobs is a proper person to be
served on behalf of the School Board under Rule 2-124(k),
Plaintiff's second attempt at service does not meet the plain
requirements of Rule 2-121(a)(3), which is the only rule that
potentially applies.

The School Board appears to concede that, in receiving a
copy of the summons and amended complaint, they also received
actual notice of Plaintiff's suit.  (*See* ECF No. 19-1).  As
noted, in many circumstances, actual notice is enough to excuse
technical non-compliance with applicable service requirements.
*O'Meara*, 464 F.Supp.2d at 476; *Armco*, 733 F.2d at 1089.  This
case does not present such a circumstance.  Even if Plaintiff
could show good cause for her initial failure to effect service
during the 120-day period as contemplated by Rule 4(m), and even
if she could justify her subsequent 35-day delay in seeking an
extension as excusable neglect under Rule 6(b), her continued
failure to abide by the plain requirements of the applicable
service rules cannot be excused.  Plaintiff's counsel has
previously indicated her awareness of the most basic
requirements for effecting service *via* mail under the Maryland
Rules – requirements that are far from burdensome.  Yet even

after the court granted a provisional extension, the evidence before the court shows that Plaintiff did not comply with these requirements.

Plaintiff's continued disregard for the rules makes this case distinguishable from those where it is appropriate to quash service rather than dismiss the case after a single failed attempt at service. *See, e.g.*, *Ngabo v. Le Pain Quotidien*, No. DKC 11-0096, 2011 WL 978654, at *2 (D.Md. Mar. 17, 2011) ("Where 'the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process.'") (quoting *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983)). Indeed, allowing this case to proceed would — as the School Board argues — "eviscerate the requirements of the rules." (ECF No. 23, at 2). Accordingly, the School Board's motion to dismiss will be granted.

## IV. Conclusion

For the above reasons, the motion to dismiss filed by Defendant the Board of Education of Prince George's County will be granted. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

12